**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONALD WASHINGTON, SYMONE WILDER, and MADISON SCHRAMM, on behalf of themselves and others similarly situated, | : | Case No: 2:22-cv-03429-GAM |
| Plaintiffs, | : | FIRST AMENDED CLASS ACTION COMPLAINT |
| v. | : | |
| WALMART INC., | : | |
| Defendant. | : | |

## INTRODUCTION

Donald Washington, Symone Wilder, and Madison Schramm (collectively, "Plaintiffs") bring this class action lawsuit against Walmart Inc. ("Walmart" or "Defendant"), seeking all available relief under the Philadelphia Fair Workweek Employment Standards Ordinance ("Fair Workweek Law"), §§ 9-4600, *et seq.* The Philadelphia City Council passed the Fair Workweek Law to require retail, hospitality, and fast-food employers to provide their employees with predictable schedules with advance notice, sufficient time between shifts, and pathways to full-time employment. Walmart violated the Fair Workweek Law by failing to provide predictable schedules with at least 10 or 14-days' notice, changing employees' schedules at the last minute, requiring hourly employees to work shifts on two consecutive days without at least 9 hours off between shifts, and failing to offer new shifts to current employees before hiring new employees. *See* Phila. Fair Workweek L. §§ 9-4602-05, 9-4611.

## JURISDICTION AND VENUE

1. This Court also has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against

the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

2. Plaintiff and members of the proposed class are citizens of states different from that of at least one Defendant.

3. There are over 100 members in the proposed class.

4. Defendant is subject to personal jurisdiction in Pennsylvania.

5. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## PARTIES

6. Plaintiff Washington is an individual residing in Philadelphia, Pennsylvania.

7. Plaintiff Wilder is an individual residing in Philadelphia, Pennsylvania.

8. Plaintiff Schramm is an individual residing in Philadelphia, Pennsylvania.

9. Walmart is a corporation headquartered in Bentonville, Arkansas and registered to do business in the Commonwealth of Pennsylvania.

## FACTS

10. There is growing recognition that unpredictable, unstable, and often insufficient work hours are a key problem facing many U.S. workers, particularly those in low-wage industries. Volatile hours not only mean volatile incomes but add to the strain working families face as they try to plan ahead for childcare or juggle schedules in order to take classes, hold down a second job, or pursue other career opportunities. *See* Economic Policy Institute, "'Fair workweek' laws help more than 1.8 million workers: Laws promote workplace flexibility and protect against unfair scheduling practices" (Jul. 19, 2018), *available at*

https://files.epi.org/pdf/145586.pdf.

11. The Philadelphia City Council passed the Fair Workweek Law to require retail, hospitality, and fast-food employers to provide their employees with predictable schedules with advance notice, sufficient time between shifts, and pathways to full-time employment.

12. Employers were required to be compliant with the Fair Workweek Law by April 1, 2020.

13. Defendant is a covered employer within the meaning of the Fair Workweek Law. Phila. Fair Workweek L. § 9-4601(4).

14. Defendant is a retail chain that operates stores nationwide, including in Pennsylvania.

15. Based on information and belief, Defendant employs 250 or more employees and has 30 or more locations worldwide.

16. Plaintiffs are covered employees within the meaning of the Fair Workweek Law. Phila. Fair Workweek L. § 9-4601(5).

17. From approximately May 2021 through July 2022, Plaintiff Washington was employed as an hourly employee entitled to overtime under federal and state law at the Walmart located at 4600 Roosevelt Ave., Philadelphia, Pennsylvania.

18. Plaintiff Washington was an hourly floor manager who performed work involving retail services and overseeing such services. Plaintiff Washington engaged in sales by working at the cash register, customer contact, and maintenance of the store, among other tasks outlined in Section 2.3 of the Regulations Regarding Chapter 9-4600 of the Philadelphia Code: Fair Workweek Employment Standards.

19. From approximately April 2018 through September 2021, Plaintiff Wilder was

employed as an hourly employee entitled to overtime under federal and state law at the Walmart located at 4600 Roosevelt Avenue in Philadelphia, Pennsylvania.

20. Plaintiff Wilder was an hourly sales associate who performed work involving retail services as a cashier and front-end associate. Plaintiff Wilder engaged in sales by working at the cash register, assisting customers with products, questions, and occasional returns, among other tasks outlined in Section 2.3 of the Regulations Regarding Chapter 9-4600 of the Philadelphia Code: Fair Workweek Employment Standards.

21. From approximately October 2020 through April 2022, Plaintiff Schramm was employed as an hourly employee entitled to overtime under federal and state law at the Walmart located at 9745 Roosevelt Blvd, Philadelphia, Pennsylvania.

22. Plaintiff Schramm was an hourly associate who performed work involving retail services. Plaintiff Schramm worked in the maintenance of the store by offloading trucks and stocking items, and engaged in customer service, among other tasks outlined in Section 2.3 of the Regulations Regarding Chapter 9-4600 of the Philadelphia Code: Fair Workweek Employment Standards.

23. When Defendant first hired Plaintiffs (or subsequently when the law became effective), Defendant did not provide them with a written good faith estimate of the hours, on-call shifts, and a subset of times and shifts of their expected regular schedule in violation of Phila. Fair Workweek L. § 9-4602(1).

24. Prior to January 1, 2021, Defendant did not always provide Plaintiffs with 10-days' notice of their work schedule and after January 1, 2021, Defendant failed to always provide Plaintiffs with 14-days' notice of their work schedule, in violation of Phila. Fair Workweek L. §§ 9-4602(3) & (4).

25. During Plaintiffs' employment, Defendant regularly changed Plaintiffs' schedule by more than 20 minutes and failed to pay them Predictability Pay in violation of Phila. Fair Workweek L. § 9-4603.

26. Defendant required Plaintiffs to work shifts spanning two calendar days and with less than 9 hours off between the shifts without consent and without paying $40 for each such shift worked in violation of Phila. Fair Workweek L. § 9-4603(2).

27. Defendant also failed to notify Plaintiffs of the details of the available shifts, including whether the shifts are recurring and how to express interest in picking them up, before hiring new employees in violation of Phila. Fair Workweek L. § 9-4605.

28. Defendant also failed to provide Plaintiffs with written notice of its policy for offering and distributing work that is compliant with the Fair Workweek Law in violation of Phila. Fair Workweek L. § 9-4605.

**CLASS ALLEGATIONS**

29. Pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of themselves and other current and former employees in the City of Philadelphia. The class that Plaintiffs seek to represent is defined as:

> All Defendant's current and former hourly employees who worked in Philadelphia, who are required under state or federal law to be paid at an overtime rate for hours in excess of a maximum number per workweek, and whose duties involve retail trade services, food services or hospitality services from July 19, 2020 through the date of final disposition.

30. The class, upon information and belief, includes thousands of individuals, all of whom are readily ascertainable based on Walmart's business records and are so numerous that joinder of all class members is impracticable.

31. Plaintiffs are class members, their claims are typical of the claims of other class members, and they have no interests that are antagonistic to or in conflict with the interests of other class members.

32. Pursuant to Fed. R. Civ. P. 23(b)(3), questions of law and fact are common to the class and predominate over any individual questions. This action concerns Walmart's common scheduling, timekeeping, payroll, and compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

33. Pursuant to Fed. R. Civ. P. 23(b)(1)(A), a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources and incentives to prosecute separate lawsuits against their employer. For example, in the instant action, Plaintiffs will seek and present evidence concerning Defendant's common scheduling, timekeeping, compensation, employee notifications, and payroll practices. The gathering and presentation of such evidence in multiple proceedings would be inefficient, redundant, and unjustifiably expensive. The class action device, when compared to multiple proceedings, presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum promotes judicial economy and efficiency and promotes parity among the claims of individual class members as well as judicial consistency. Thus, the conduct of this action as a class action conserves the resources of the parties and the court system, protects the rights of each class member, and meets all due process requirements as to fairness to Walmart.

34. Pursuant to Fed. R. Civ. P. 23(b)(2), Defendant has acted, or has refused to act, on grounds generally applicable to the Rule 23 class, thereby making appropriate final injunctive relief, or corresponding declaratory relief, with respect to the class as a whole.

35. Plaintiffs and their lawyers will fairly and adequately represent the class members and their interests because, *inter alia*, (a) Plaintiffs are represented by experienced class action counsel who are well-prepared to vigorously and competently litigate this action on behalf of the class; (b) Plaintiffs and their counsel are free of any conflicts of interest that prevent them from pursuing this action on behalf of the class; and (c) Plaintiffs and their counsel have adequate financial resources to assure that the interests of the class will not be harmed.

36. A class action provides a fair and efficient method for adjudication of the controversy because, *inter alia*, the previously mentioned common questions of law and fact predominate over any questions affecting Plaintiffs or any individual class member; the monetary damages sought are readily calculatable and attributable to class members; maintenance of the instant litigation protects against the risk of inconsistent or varying adjudications that might result if individual class members were to commence independent actions in various courthouses throughout the Commonwealth.

37. Because Walmart conducts a substantial amount of business in Philadelphia County and the law pertains to Philadelphia employers only, this Court is an appropriate forum for the litigation of the claims of the entire class.

## COUNT ONE
**Fair Workweek Law**
**Failure to Provide Written Good Faith Estimates**
**(Brought on behalf of Plaintiffs and the Class)**

38. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

39. Walmart is an employer covered by the Fair Workweek Law.

40. Plaintiffs and the class members are employees entitled to the Fair Workweek Law's protections.

41. Defendant is required to provide each new employee (or existing employees who were current employees as of the effective date of the Fair Workweek Law) with a written good faith estimate no later than when a new employee receives his or her first work schedule. Phila. Fair Workweek L. § 9-4602(1).

42. Defendant is also required to maintain records of the good faith estimates it provides to employees. Phila. Fair Workweek L. § 9-4602(1); Phila. Fair Workweek Reg. 3.0. Where an employer fails to maintain, retain, or produce a required record, "…it shall be presumed that the employer has violated the Chapter, absent clear and convincing evidence otherwise." Phila. Fair Workweek L. § 9-4609(1).

43. Defendant committed a violation of Section 9-4602(1) of the Fair Workweek Law when it failed to provide a written good faith estimate to Plaintiffs and the class.

44. As a result of Defendant's violations of Section 9-4602(1) of the Fair Workweek Law, Plaintiffs and the class have been deprived of a predictable schedule and are entitled to: (1) an order directing compliance; (2) unpaid compensation; (3) $200 in presumed damages; (4) liquidated damages up to $2,000; and (5) reasonable attorney's fees and costs. Phila. Fair Workweek L. § 9-4611(c)&(d); Phila. Fair Workweek Reg. 10.0

**COUNT TWO**
**Fair Workweek Law**
**Failure to Provide Advance Notice of Work Schedules**
**(Brought on behalf of Plaintiffs and the Class)**

45. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

46. Prior to January 1, 2021, Defendant was required to provide employees with written notice of their work schedules at least 10 days before the first day of each schedule, and after January 1, 2021, Defendant was required to provide employees with written notice of their work schedules at least 14 days before the first day of each schedule. Phila. Fair Workweek L. §§ 9-4602(3) & (4).

47. Defendant is also required to maintain records of the good faith estimates it provides to employees. Phila. Fair Workweek L. § 9-4602(1); Phila. Fair Workweek Reg. 3.0. Where an employer fails to maintain, retain, or produce a required record, "…it shall be presumed that the employer has violated the Chapter, absent clear and convincing evidence otherwise." Phila. Fair Workweek L. § 9-4609(1).

48. Defendant committed a violation of Section 9-4602 of the Fair Workweek Law each week it failed to provide Plaintiffs and the class with a written work schedule 10 or 14 days in advance.

49. As a result of Defendant's violations of Section 9-4602 of the Fair Workweek Law, Plaintiffs and the class have been deprived of a predictable schedule and are entitled to: (1) an order directing compliance; (2) unpaid compensation; (3) $50 each time Defendant failed to provide a written Work Schedule; (4) $25 each time Defendant failed to promptly notify employees about a schedule change; (5) $100 each time Defendant failed to get written consent from Plaintiff for added work hours; (6) liquidated damages up to $2,000; and (7) reasonable

attorney's fees and costs. Phila. Fair Workweek L. § 9-4611(c)&(d); Phila. Fair Workweek Reg. 10.0.

**COUNT THREE**
**Fair Workweek Law**
**Failure to Provide Schedule Change Premiums**
**(Brought on behalf of Plaintiffs and the Class)**

50. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

51. Defendant is required to provide employees with Predictability Pay for changes it makes to employees' work schedules any time after the 10 or 14-day statutory schedule provision date. Phila. Fair Workweek L. § 9-4603.

52. Defendant is also required to maintain records of the good faith estimates it provides to employees. Phila. Fair Workweek L. § 9-4602(1); Phila. Fair Workweek Reg. 3.0. Where an employer fails to maintain, retain, or produce a required record, "…it shall be presumed that the employer has violated the Chapter, absent clear and convincing evidence otherwise." Phila. Fair Workweek L. § 9-4609(1).

53. Defendant committed a unique violation of Section 9-4603 of the Fair Workweek Law each time it failed to pay required Predictability Pay to Plaintiffs and the class when it changed Plaintiffs and the class's work schedule with less than 10 or 14 days' notice.

54. As a result of Defendant's violations of Section 9-4603 of the Fair Workweek Law, Plaintiffs and the class have been deprived of a predictable schedule and are entitled to: (1) an order directing compliance; (2) unpaid compensation; (3) unpaid Predictability Pay; (4) liquidated damages up to $2,000; and (5) reasonable attorney's fees and costs. Phila. Fair Workweek L. § 9-4611(c)&(d); Phila. Fair Workweek Reg. 10.0.

**COUNT FOUR**
**Fair Workweek Law**
**Right to Rest Between Work Shifts**
**(Brought on behalf of Plaintiffs and the Class)**

55. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

56. Defendant is prohibited from requiring employees to work "any work hours that are scheduled or otherwise occur: (a) less than 9 hours after the end of the previous day's shift, or (b) during the 9 hours following the end of a shift that spanned two days." Phila. Fair Workweek L. § 9-4604.

57. As a result of Defendant's violations of Section 9-4604 of the Fair Workweek Law, Plaintiffs and the class have been deprived of a predictable schedule and are entitled to: (1) an order directing compliance; (2) unpaid compensation; (3) unpaid Predictability Pay; (4) liquidated damages up to $2,000; and (5) reasonable attorney's fees and costs. Phila. Fair Workweek L. § 9-4604; Phila. Fair Workweek Reg. 10.0.

**COUNT FIVE**
**Fair Workweek Law**
**Failure to Offer Newly Available Shifts to Existing Employees**
**(Brought on behalf of Plaintiffs and the Class)**

58. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

59. Defendant is required to notify its current employees about newly available shifts and offer them those shifts before hiring any new employees. Phila. Fair Workweek L. § 9-4605.

60. Defendant is also required to maintain records of the good faith estimates it provides to employees. Phila. Fair Workweek L. § 9-4602(1); Phila. Fair Workweek Reg. 3.0. Where an employer fails to maintain, retain, or produce a required record, "…it shall be

presumed that the employer has violated the Chapter, absent clear and convincing evidence otherwise." Phila. Fair Workweek L. § 9-4609(1).

61. Defendant committed a unique violation of Section 9-4605 of the Fair Workweek Law each time it failed to offer Plaintiffs and the class the shifts it subsequently offered to a new hire in the same location.

62. As a result of Defendant's violations of Section 9-4605 of the Fair Workweek Law, Plaintiffs and the class have been deprived of a predictable schedule and are entitled to: (1) an order directing compliance; (2) unpaid compensation; (3) $50 each pay period that Defendant failed to provide written notice of available work hours; (4) $50 each pay period that Defendant failed to provide written notice of its policy for distributing work hours, in presumed damages; (5) $1,000 per violation for failure to award available work hours pursuant to Section 9-4605; (6) liquidated damages up to $2,000; and (7) reasonable attorney's fees and costs. Phila. Fair Workweek L. § 9-4611(c)&(d); Phila. Fair Workweek Reg. 10.0.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and the class, seek the following relief: (i) unpaid wages; (ii) unpaid Predictability Pay; (iii) presumed damages; (iv) liquidated damages; (v) prejudgment interest; (vi) litigation costs, expenses, and attorney's fees; and (vii) any other and further relief this Court deems just and proper.

Date: September 16, 2022

Respectfully submitted,

______________________________

Nadia Hewka (Pa Bar No. 76842)
David Huang (Pa Bar No. 331118)
COMMUNITY LEGAL SERVICES, INC.
1424 Chestnut St
Philadelphia, PA 19102
(215) 981-3794
(215) 981-0434

nhewka@clsphila.org
dhuang@clsphila.org

Sarah R. Schalman-Bergen
(Pa Bar No. 206211)
Krysten Connon
(Pa Bar No. 314190)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(267) 256-9973
ssb@llrlaw.com
kconnon@llrlaw.com

Sally J. Abrahamson
(admitted *pro hac*)
WERMAN SALAS P.C.
335 18th Pl NE
Washington, D.C. 20002
(202) 830-2016
sabrahamson@flsalaw.com

Ryan Allen Hancock
(Pa Bar No. 92590)
WILLIG, WILLIAMS & DAVIDSON
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
Tel.: (215) 656-3600
Fax: (215) 567-2310
rhancock@wwdlaw.com