IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD WASHINGTON, SYMONE WILDER, and MADISON SCHRAMM, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WALMART INC., <br><br> Defendant. | Case No: 2:22-cv-03429-KBH |

**ORDER GRANTING FINAL APPROVAL OF
RULE 23 CLASS ACTION SETTLEMENT**

**AND NOW**, this 25th day of March, 2025, upon consideration of Plaintiffs' Unopposed Motion for Final Approval of the Class Action Settlement ("Motion"), the accompanying Settlement Agreement ("Settlement Agreement"), the accompanying memorandum of law, and all other papers and proceedings herein, it is hereby **ORDERED** that the Settlement Agreement is **APPROVED** and Motion is **GRANTED** as follows:

1. The Court has jurisdiction over the claims asserted in the Action and over the Parties to the Action.

2. The Court preliminarily approved the Settlement Agreement that is the subject of this Motion by order entered on December 12, 2024 (the "Preliminary Approval Order"). A copy of the Settlement Agreement was attached as an exhibit to Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement, and it is incorporated in this Final Approval Order by reference. The terms used in this Final Approval Order shall have the same meaning as they are defined in the Settlement Agreement.

3.  The Court determines that notice was given as required by the Preliminary Approval Order. The Court finds that the Notice given of the proposed settlement was the best practical notice under the circumstances. The Notice provided fair and adequate notice of the terms of the Settlement Agreement, the Final Approval Hearing, and the Settlement Class Members' right to exclude themselves from the settlement or to object to the settlement. The Court finds the Notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

4.  Zero Settlement Class Members have validly excluded themselves from the settlement, and zero individuals have objected to the settlement.

5.  On March 25, 2025, the Court conducted a Final Approval Hearing to consider final approval of the Settlement Agreement and during which the opportunity to be heard was given to all persons requesting to be heard regarding the settlement in this case.

6.  The Court has considered all matters submitted to it at the Final Approval Hearing and otherwise, the pleadings on file, the applicable law, and the record. The Court approves the Settlement Agreement, including its release of claims, and finds that it:

    a.  is fair, just, reasonable and adequate to, and in the best interest of, the Named Plaintiffs and the Settlement Class Members;

    b.  demonstrates a good faith intention by the Parties that these claims be fully and finally resolved, not subject to appellate review, and not re-litigated in whole or in part at any point in the future;

    c.  achieves a definite and certain result for the benefit of the Named Plaintiffs and the Settlement Class Members that is preferable to continuing litigation

that would necessarily include substantial risk (including the risk of loss on the merits), uncertainty, delay, and cost;

7. The Court finally certifies the following Settlement Class pursuant to Federal Rule of Civil Procedure 23:

> All hourly nonexempt employees who work or worked for a Walmart Released Entity in the City of Philadelphia at facility numbers 2141, 2650, 5103, 5130, 5891, and 6332 during any week between July 19, 2020 and July 29, 2024 in any job number not expressly excluded.[1]

8. The Court finally appoints Plaintiffs Donald Washington, Symone Wilder, and Madison Schramm as the Class Representatives of the Settlement Class defined in paragraph 7.

9. The Court finally appoints Community Legal Services, Inc., Werman Salas P.C., Lichten & Liss-Riordan, P.C., and Willig Williams & Davidson as Class Counsel for the Settlement Class.

10. Class Counsel's request for attorney's fees in the amount of one third of the Gross Settlement Amount, or $866,666.67, and costs not to exceed $10,000 are approved, to be paid out of the Gross Settlement Amount.

11. The Court approves General Release Payments to the Named Plaintiffs in the amount of $10,000 each, in recognition of their services as representatives of the Settlement Class and in addition as exchange for their broader release of claims to Defendant and Released Parties than the members of the Settlement Class, to be paid out of the Gross Settlement Amount.

12. The Court approves payment to the Settlement Administrator, CPT Group, in an amount not to exceed $50,000, to be paid out of the Gross Settlement Amount.

---

[1] Excluded job numbers include Academy Trainer (007300, 007310, 007320), DSD Receiving associate (000465) Field Project Coordinator, Store Planning - Realty (901603, 100016140), People Lead (007250), Service Technician (000823), and Set Up Associate (000150, 000151).

13. This Order constitutes final approval of the Settlement Agreement. Upon its Effective Date, this Settlement Agreement is binding on the Parties and on all members of the Participating Settlement Class. By operation of the Settlement Agreement and this Final Approval Order, and except as to such rights or claims as may be created by the Settlement Agreement or those non-waivable by law, Plaintiffs and Participating Settlement Class Members hereby irrevocably and unconditionally forever, finally, and fully release Defendant and all Released Parties from any and all Released Claims in accordance with the terms of the Settlement Agreement. Plaintiff and the Participating Settlement Class Members are forever barred from asserting any claims released by them in this Settlement, and from commencing, joining in, or prosecuting a lawsuit or adversarial proceeding against Defendant or any of the Released Parties, based on claims released by them in this Settlement, including as a class member.

14. The Settlement Agreement shall be administered in accordance with its terms. Without affecting the finality of this judgment, the Court retains jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith.

15. The Settlement Agreement reflects a compromise of disputed claims. The findings and rulings in this Final Approval Order are made for the purposes of settlement only. Nothing in the Settlement Agreement or this Final Approval Order, or in any ancillary documents, actions, statements, or filings made in furtherance of settlement, shall be deemed admissible or used as evidence of (or as an admission of) liability by Defendant or any of the Released Parties, of any fault or wrongdoing whatsoever.

16. This Final Approval Order and the Settlement Agreement are binding on Plaintiffs and Settlement Class Members.

17. For good cause shown, this Civil Action is **DISMISSED IN ITS ENTIRETY, ON THE MERITS, AND WITH PREJUDICE** pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, without costs to any party except to the extent otherwise expressly provided in the Settlement Agreement.

**SO ORDERED.**

/s/ Hon. Kelley B. Hodge
_____
**Kelley B. Hodge
United States District Judge**